**MERCHANTS DESPATCH TRANSPORTATION CORPORATION, Plaintiff,**

v.

**SYSTEM FEDERATION NUMBER ONE RAILWAY EMPLOYEES' DEPARTMENT AFL–CIO CARMEN, formerly known as the Brotherhood of Railway Carmen of America System Federation Number 103, Special Board of Adjustment Number 570, and Referee Harold M. Gilden, Neutral Member of the Special of Adjustment Number 570, Defendants.**

No. 75 C 2972.

United States District Court,
N. D. Illinois, E. D.

April 8, 1976.

On Motion to Reconsider June 8, 1976.

Peter V. Fazio, James E. Spiotto, Terrence T. O'Meara and Mark P. Cohen, Chapman & Cutler, Chicago, Ill., for plaintiff.

Donald G. Newman, Asst. U. S. Atty., Chicago, Ill., Edward J. Hickey, Jr., William J. Hickey, Michael S. Wolly, Washington, D. C., Alex Elson, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

This action was filed by the plaintiff to review an adverse decision by an arbitration board. The board, Special Board of Adjustment No. 570, was established by agreement pursuant to Section 3 Second, First Paragraph of the Railway Labor Act, 45 U.S.C. § 153 Second, First Paragraph. The defendant System Federation Number One (Union) contends that under the Seventh Circuit's opinion in *Brotherhood of Railway Clerks v. Special Board of Adjustment No. 605,* 410 F.2d 520 (7th Cir.), *cert. denied,* 396 U.S. 887, 90 S.Ct. 177, 24 L.Ed.2d 162 (1969), review of a decision by a special board may not be sought in the district court; rather, an aggrieved party's only remedy is to resist judicial enforcement of the award by the prevailing party. Plaintiff, on the other hand, argues that *605* may be distinguished.

A proper understanding of this case requires a brief discussion of the types of arbitration provided by the Act. Without going into the detailed legislative history behind the statute, we note that aside from the arbitration provided by Section 3 Second, First Paragraph, arbitration is also provided under Section 3 First and under Section 3 Second, Second Paragraph. Section 3 First establishes the National Railway Adjustment Board (NRAB), to which disputes must be referred if either party so elects. This board is sometimes known as the "statutory board." Because of the backlog of the statutory board, Congress provided in Section 3 Second, Second Paragraph, for the establishment by agreement of boards to hear disputes otherwise referable to the NRAB. The Section 3 Second, Second Paragraph boards, generally called public law boards, are, like the special board of adjustment in the present case, established by agreement of the parties instead of by statute like the NRAB. Thus, resolution of disputes by public law boards and special boards of adjustment is permissive; resolution by the statutory board is mandatory.

In *Special Board No. 605,* the Seventh Circuit held that the losing party to arbitration by a public law board cannot seek review of the decision in the district court. In so deciding, the court distinguished the case of review of an NRAB decision on two grounds. First, Congress by statute provided that review of an NRAB decision may be sought by the losing party, whereas in the case of a public law board decision, the statute merely provides that the prevailing party may seek enforcement of an award, but does not provide for review. Second, the duty of referring a dispute to the NRAB is imposed by statute, whereas that of referring a dispute to a public law board is merely contractual.

Because of the court's reasoning in *Special Board No. 605,* that decision cannot be distinguished from the present case. As with the public law board, Congress has not provided for review of a decision by a special board of adjustment. Also, arbitration by a special board of adjustment is contractual like that by a public law board, rather than statutory as in the case of the NRAB. The plaintiff's efforts to distinguish *Special Board No. 605* amount to a single proposition: Since the case was wrongly decided, this court should not follow it where the identical facts are not involved. However,

the reasoning behind that decision may not be so avoided. We recognize that *Special Board No. 605* has not been followed by other courts. *Employees Protective Association v. Norfolk & W. Ry.,* 511 F.2d 1040 (4th Cir. 1975); *Kansas City S. Ry. v. Brotherhood of Railroad Trainmen,* 305 F.Supp. 1142, 1149 (W.D.Mo.1969); *cf. Denver & R.G.W.R.R. v. Blackett,* 398 F.Supp. 1205 (D.Colo.1975). Nevertheless, if the effect of the *Special Board No. 605* holding is to be limited, it must be done by the Seventh Circuit and not by this Court. We, therefore, hold that jurisdiction does not exist under 28 U.S.C. § 1331 because of a right arising under the Railway Labor Act.

■ The plaintiff argues that even if there is no jurisdiction under the Act, we have general or equitable jurisdiction because the plaintiff was allegedly denied its due process rights by the board. A similar argument was made in *Special Board No. 605,* where the court disposed of it as follows:

> There is no overriding equitable ground for finding a source of jurisdiction here. The result of this case cuts both ways, neither labor organizations nor railroads can petition a federal court to review a private arbitration board's award.

410 F.2d at 523. Finding an equitable ground for jurisdiction in this case would simply be a way of circumventing *Special Board No. 605.* That we decline to do. Moreover, since we do not read Special Board No. 605 as precluding the losing party from raising limited defenses to enforcement of the award in the district court, plaintiff has an adequate remedy at law.

■ Accordingly, we deny the plaintiff's motion to strike the Union's affirmative defense of lack of subject-matter jurisdiction. Although the Union has filed no motion to dismiss, our holding that we have no jurisdiction over this case necessitates dismissal on our own motion. Because of the disposition of this case, we need not decide whether Special Board of Adjustment Number 570 and Referee Harold M. Gilden were proper parties.

The cause of action is dismissed.

## On Motion to Reconsider

Plaintiff has filed a motion to reconsider the order of dismissal entered April 8, 1976. The motion is directed at the following sentence in the court's Memorandum Opinion, which the plaintiff contends is erroneous:

> Moreover, since we do not read *Special Board No. 605* as precluding the losing party from raising limited defenses to enforcement of the award in the district court, plaintiff has an adequate remedy at law.

Plaintiff argues that, if our decision that there is no jurisdiction to review an award is correct, then there also cannot be jurisdiction to enforce an award.

On consideration of plaintiff's motion, we have decided to strike that sentence from our Opinion. The sentence was unnecessary to our decision that no equitable jurisdiction exists, and we reaffirm that decision. Since the question is not ripe, we express no opinion as to whether jurisdiction would exist if the Union were to seek enforcement of the Award.